No. 15,444.

JACKSON *v.* PRICE.
(146 P. [2d] 892)

Decided February 7, 1944. Rehearing denied March 13, 1944.

Mr. ISAAC MELLMAN, for plaintiff in error.

Mr. CHARLES E. FRIEND, for defendant in error.

*En Banc.*

Mr. Justice Hilliard delivered the opinion of the court.

A REPLEVIN action by the titleholder of an automobile, against a parking - lot proprietor who claimed a lien thereon for storage, and in relation to which, and prior to the institution of the action, the alleged lienor, acting pursuant to '35 C.S.A., chapter 101, sections 4, 6-14, had invoked the jurisdiction of a justice of the peace in a foreclosure proceeding, not then concluded. The county court, as had the justice of the peace whence the case had been appealed, adjudged adversely to the replevisor.

It appears that January 4, 1943, one Jewell, the then owner of the car involved, parked it with defendant in error in general course—not on a time basis; that February 27, 1943, Jewell, proceeding by endorsement and acknowledgment on the back of his certificate of title to the car, assigned it to a certain mortgage security company of St. Louis, Missouri, which already had a mortgage thereon; that March 8, 1943, Jewell returned to the parking lot of defendant in error and was advised of the storage charges, and that a lien therefor was claimed; that Jewell, not having the money with him, as said, promised to return the following day, which he did; that on that occasion defendant in error exhibited to Jewell a telegram currently dated, from the St. Louis firm titleholder, demanding that the car be not released without its authorization, and Jewell departed without the car; that April 22, 1943, defendant in error, having heard nothing further from Jewell, initiated the foreclosure proceedings to which we have referred; April 23, 1943, plaintiff in error called on defendant in error, at his parking lot, stating that he then had title to the car and offered to pay defendant in error $13.00 for the storage of the car for the period from January 4, 1943, to that date, or 109 days; that by that time defendant in error claimed that the sum mentioned by plaintiff in error was less than the amount then due, and, that, in

any event, a lien foreclosure in relation to his claim had been instituted, and suggested that he see the attorney of defendant in error; that several days later plaintiff in error returned to the parking lot, and stated that on the advice of his own attorney, he would pay an additional $5.00, to which defendant in error replied that the matter still was in course of foreclosure and out of his hands; that May 10, 1943, plaintiff in error instituted the replevin action, the judgment in which is the subject of this review; that May 12, 1943, the necessary publication of notice thereof, as well as other steps required by the statute in relation to the lien foreclosure proceeding having been observed, the car was sold pursuant to the lien foreclosure, at which defendant in error, bidding the amount of his then claim, or $39.31, plus the costs, stated to be $14.64, was the highest bidder and became the purchaser thereof. As to the foregoing, the witnesses, although in substantial agreement generally, were not wholly so. The court's finding was general, and its judgment is consistent with the factual situation as we have summarized it, and which we regard as fair.

We cannot think the court erred. It is clear that defendant in error had a lien on the car, and that until his proper and reasonable charges were paid, or tendered and refused, his lien would persist. In his "affidavit of replevin," plaintiff in error set forth that the amount of the claim of defendant in error for storage had "been tendered to him and refused by him," and in counsel's opening statement at the trial, he called attention to offers to make payment by plaintiff in error, and he renewed the offer for the court's consideration. Not then or ever, was a tender made on the theory of the demand of defendant in error or on the appraisement of plaintiff in error of what ought to be paid. "Offers to pay" do not satisfy the law in such a matter. Plaintiff in error, and his counsel as well, both of whom were notified of the lien foreclosure proceeding, chose

to ignore it. Whether it was fatal to do so we are not called upon to determine here, and whether such course was wise in any event, is not presently important. It is noted that in the papers filed in the lien proceeding, exhibited of record, the exact sum being demanded by defendant in error was set forth, which, plus the costs there, also claimed (all in figures already stated), offered a pattern upon which plaintiff in error could have proceeded. In that light he could have tendered in the amount claimed, and ripened his cause for replevin beyond peradventure, or, only subject to error of judgment, in a sum he believed to be fair.

On the whole case, we think the court rightly adjudged that the writ of replevin failed of evidentiary support. Let the judgment be affirmed.